## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**KAYNOR STEPHEN MURITOK,**
*aka* **Kaylor Muritok**
DOB: 02/20/1998 or 02/20/1997
    or 08/09/1997

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0146-25**
GPD Report No. 25-05019/25-05021

**DECISION & ORDER
RE. DEFENDANT KAYNOR
MURITOK'S MOTION IN *LIMINE* TO
EXCLUDE OTHER ACTS EVIDENCE**

This matter came before the Honorable Alberto E. Tolentino on August 19, 2025, for a Motion Hearing. Defendant Kaynor Stephen Muritok ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). At the Motion Hearing, the court addressed several pre-trial motions filed by the Defendant, namely a Motion in *Limine* to Exclude Other Acts Evidence. Following the hearing, the court took this motion under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** Defendant Kaynor Muritok's Motion in *Limine* to Exclude Other Acts Evidence.

\\

\\

## BACKGROUND

On March 7, 2025, Defendant Kaynor Muritok was charged with CRIMINAL MISCHIEF (As a 3rd Degree Felony) and ASSAULT (As a Misdemeanor). *See* Indictment (Mar. 7, 2025). Although the People of Guam subsequently filed a Superseding Indictment on May 6, 2025, the Defendant was charged with the same offenses as the original Indictment. *See* Superseding Indictment (May 6, 2025).

Prior to this, the Defendant filed the following motions on May 1, 2025: (1) Defendant Kaynor Muritok's Motion in *Limine* Requiring Prosecution to Disclose all Agreements with Witnesses; (2) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Mug Shots; (3) Defendant Kaynor Muritok's Motion in *Limine* to Exclude All Testimony by Prosecution Experts (4) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Other Acts Evidence ("Motion in *Limine*"); and (5) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Hearsay.

As to the Defendant's pre-trial motions above, the People filed the following responses: (1) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Mug Shots; (2) People's Non-Opposition to Defendant Kaynor Muritok's Motion to Disclose all Agreements with Witnesses; (3) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Other Acts Evidence ("Opposition"); (4) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Hearsay; and (5) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude All Testimony by Prosecution Experts.

In the Motion in *Limine*, the Defendant seeks to exclude references to "any and all convictions, arrests, prior criminal acts (prosecuted or otherwise), and other uncharged acts if Defendant testifies, and even if Defendant introduces favorable character evidence." Def.'s Mot. *Limine* Other Acts (May 1, 2025). In response, the People state that the request to exclude

evidence of prior convictions is moot, considering that the Defendant has no prior criminal history. *See* Ppl.'s Opp'n Mot. *Limine* Other Acts (May. 13, 2025). Additionally, the People stated its intent to file a notice of intent to use the Defendant's prior bad acts as evidence. *See* Ppl.'s Opp'n Mot. *Limine* Other Acts at 2. Since this opposition was filed, it is noteworthy that the People filed a Notice of Intent to Use Evidence Pursuant to Guam Rules of Evidence 404(b) on May 29, 2025. *See generally* Ppl.'s Notice (May 29, 2025).

At the Motion Hearing on August 19, 2025, the court addressed all the Defendant's pre-trial motions. After hearing arguments from both parties, the court ruled on the bench, granting Defendant Kaynor Muritok's Motion in *Limine* Requiring Prosecution to Disclose all Agreements with Witnesses and denying Defendant Kaynor Muritok's Motion in *Limine* to Exclude Hearsay. *See* Mot. Hr'g Mins. at 11:10:44AM – 12:36:09PM (Aug. 19, 2025). As to the Motion in *Limine*, the court took the matter under advisement. *Id.* at 11:26:43 – 27:09AM.

## DISCUSSION

### A. The court finds that the 404(b) evidence the People intend to use at trial is relevant under GRE 401.

Before determining admissibility of the Defendant's other acts under GRE 404, 403, and 609(a)(1) as cited in his Motion in *Limine*, such evidence must be deemed relevant under GRE 401 first. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401.

At the Motion Hearing, the Defendant argued that the introducing of other acts evidence is irrelevant, because it does not make the commission of the offenses in this case more or less probable. *See* Mot. Hr'g Mins at 11:22:10 – 27:09AM. In his written Motion in *Limine*, the Defendant seeks to exclude references to "any and all convictions, arrests, prior criminal acts

(prosecuted or otherwise), and other uncharged acts" under GRE 404, 403, and 609(a)(1). However, the court cannot make a proper determination on the relevance of the Defendant's crimes, wrongs, or other acts without knowing such.

The People's Opposition acknowledges that the Defendant has no prior criminal convictions to offer as 404(b) evidence at trial. *See* Ppl.'s Opp'n at 1. In the People's Notice of Intent to Use Evidence Pursuant to Guam Rules of Evidence 404(b) ("People's Notice"), it states "its intention to introduce evidence at trial, pursuant to Guam R. Evid. 404(b), of other crimes, wrongs, or acts to prove their motive, intent, plan, knowledge, identity, or absence of mistake or accident to commit assault in the above-captioned case." Ppl.'s Notice (May 29, 2025). Upon review of this notice, the People indicated that the 404(b) act would be the Defendant sitting "on the sidewalk near Kousch's and Kawaichy's apartment unit drinking, and that Kousch had asked the Defendants to be quiet the previous night." *Id.* at 3. Because this is the only 404(b) evidence before the court to consider, the court will only determine the admissibility of this act under GRE 401, 404(b), and 403.[1]

The standard for determining whether evidence is relevant under 401 is low; simply asking whether the evidence has something to do with the claims or defenses in the case. Under GRE 401's low standard of proof, the court finds that the previous night's encounter between the victims and the Defendant could make it more or less probable that the Defendant had motive to commit an alleged assault the following night.

\\

\\

---

[1] Although the Defendant also offers GRE 609 as authority for exclusion of 404(b) evidence in this case, the court finds it unnecessary to determine the admissibility of the People's intended 404(b) evidence as it is not a prior conviction subject to review under 609.

**B. The court finds that the 404(b) evidence the People intend to use at trial is inadmissible under GRE 404.**

The next rules for the court to review are GRE 402 and 404(b). GRE 402 states that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Evidence which is not relevant is not admissible.

Guam R. Evid. 402. In this case, the Defendant argues that GRE 404(b) is the other rule of evidence that would prevent this relevant evidence's admissibility at trial. GRE 404(b) states the following purposes where evidence of other crimes, wrongs, or acts are admissible at trial:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Guam R. Evid. 404(b). Under this evidentiary rule, "[e]vidence of other crimes or acts is admissible . . . 'except where it tends to prove *only* criminal disposition,'" *People v. Sablan*, 2023 Guam 4 ¶ 68 (quoting *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991) (citation omitted)).

As mentioned above, the People intend to introduce as 404(b) evidence events that occurred on the night before the alleged incident: the Defendant sitting "on the sidewalk near Kousch's and Kawaichy's apartment unit drinking, and that Kousch had asked the Defendants to be quiet the previous night." Ppl.'s Notice at 3. Specifically, the People intend to introduce this evidence as motive "to 'intentionally' put or attempt to put Kousch in fear imminent bodily injury." *Id.* The People allege that "[o]n or about February 24, 2025, in Guam, KAYNOR STEPHEN MURITOK (aka Kaylor Muritok) did commit the offense of Assault (As a

Misdemeanor), in that he did by physical menace intentionally put or attempt to put another, that is, Kiwva Kausch or Dona Kawaichy, in fear of imminent bodily injury, in violation of 9 GCA § 19.30(a)(3) and (e)." Superseding Indictment at 2.

In light of this, this court seeks guidance through the Guam Supreme Court's application of the four-part test under *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994). *See People v. Sablan*, 2023 Guam 4 ¶ 69. "Evidence of a prior bad act is admissible under GRE 404(b) when the People establish 'that the evidence (1) proves a material element of the crime currently charged; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote in time." *Id.* (quoting *People v. Camaddu*, 2015 Guam 2 ¶¶ 12, 47).

In regards to the first *Hinton* element, the People's Notice states that "evidence that Kousch had asked the Defendants to be quiet the previous night shows that the Defendants had a motive for assaulting Kousch – specifically a motive to 'intentionally' put or attempt to put Kousch in fear of imminent bodily injury" Ppl.'s Notice at 3. The court agrees that the previous night's encounter involving the Defendant could be offered to prove the material element of assault: to intentionally put or attempt to put in fear of imminent bodily injury. Therefore, the first *Hinton* element is met.

The People state that the second *Hinton* element is met, because "the prior bad act evidence is similar to the charged conduct because on both occasions the Defendants were being a nuisance." Ppl.'s Notice at 3. The act of drinking while sitting on a sidewalk cannot be construed as similar to Criminal Mischief as a crime against property; or Assault as a crime against a person. Therefore, the second *Hinton* element is not met.

As to the third *Hinton* element, the People argue that "the prior bad act evidence is based on sufficient evidence because Kousch and Kawaichy personally witnessed it." Without more,

Kousch and Kawaichy personally witnessing the Defendant drinking and sitting on the sidewalk on the night before the alleged assault is not sufficient evidence that any prior bad act was done by the Defendant. Therefore, the third *Hinton* element is not met.

Lastly, the People indicate that the prior bad act evidence is not too remote in time. When reviewing the prior bad act evidence that the People seek to introduce, the court agrees that it is not too remote in time since it happened the night before the alleged assault. Therefore, the fourth *Hinton* element is met.

Because not all elements of *Hinton* are met, the court finds that evidence of the Defendant sitting "on the sidewalk near Kousch's and Kawaichy's apartment unit drinking, and that Kousch had asked the Defendants to be quiet the previous night" cannot be admitted as 404(b) evidence at trial. As a result, the court also finds it unnecessary to review the evidence's admissibility under GRE 403 and 609.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

<u>CONCLUSION</u>

For reasons stated above, the court hereby **GRANTS** Defendant Kaynor Muritok's Motion in *Limine* to Exclude Other Acts Evidence **only as to the 404(b) Evidence referenced in the People's Notice and reviewed within this court's Decision & Order.**

**SO ORDERED** this ___NOV 1 4 2025___ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, H-Reitagua._

Date: 11/14/25 Time: 4:55pm

_Antonio_
Deputy Clerk, Superior Court of Guam